# FEDERAL PUBLIC DEFENDER
### DISTRICT OF DISTRICT OF COLUMBIA

---

**625 Indiana Ave. NW.**
**Washington, DC 20004**
**(202) 208-7528**
**FAX  (202) 208-7515**

**FEDERAL PUBLIC DEFENDER**
**A.J. KRAMER**

**April 29, 2026**

AUSA Jocelyn Ballentine
AUSA Charles Jones
U.S Attorney's Office
601 D Street NW
Washington D.C. 20053

Re:  *United States v. Cole Tomas Allen*, 26-mj-80
**Specific *Brady* Requests**

Dear Counsel:

We were pleased to hear your pronouncement that you intend to take your *Brady* obligations seriously in Mr. Allen's case. We trust that you agree that your responsibilities include the timely disclosure of potentially exculpatory facts. As you know, we have received no discovery and have been provided no information about the government's theory of the case, other than that which is contained in the Complaint and your detention memorandum.

Because you make factual assertions that appear to be either contradicted or at least somewhat undermined by statements by law enforcement, we make the following requests and ask you to provide answers prior to the detention hearing. Thus, pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), the Due Process Protections Act, the Local Rules of this Court and Rule 16 of the Federal Rules of Criminal Procedure we request the following.

We understand that Acting Attorney General Todd Blanche has made public statements as a representative of the prosecution. We noticed that you did not describe the shotgun ammunition in your detention memorandum. We request that you provide a description of the ammunition. Because some of Acting AG Blanche's statements indicate that the recovered ballistics evidence is inconsistent with aspects of the government's theory, evidence collected by the government

1

and/or statements made by witnesses, we are entitled to this information prior to the detention hearing.

Please provide the following information as it relates to the alleged shooting of the Secret Service Officer V.G.:

- Any information in law enforcement's possession that Mr. Allen did not shoot V.G.
- Any information in law enforcement's possession that Mr. Allen did not fire a shot at or in the general direction of V.G.
- Any video, including any video enhanced by law enforcement that reveals footage that is inconsistent with the government's theory that Mr. Allen fired the shotgun
- Any video, including any video enhanced by law enforcement that reveals footage that is inconsistent with the government's theory that V.G. was struck by ammunition from that shotgun.
- Any statements by any witnesses that are inconsistent with the government's theory that Mr. Allen fired the shotgun.
- Any statements by any witnesses that are inconsistent with the government's theory that V.G. was struck by ammunition from that shotgun.
- Any physical evidence recovered from the scene, including cartridge casings and spent projectiles recovered inconsistent with the government's theory that Mr. Allen fired the shotgun.
- Any physical evidence recovered from the scene, including cartridge casings and spent projectiles recovered inconsistent with the government's theory that V.G. was struck by ammunition from that shotgun.
- Any evidence recovered from V.G., including equipment or clothing that is inconsistent with the government's theory that Mr. Allen fired the shotgun.
- Any evidence recovered from V.G., including equipment or clothing that is inconsistent with the government's theory that V.G. was struck by ammunition from that shotgun.
- All ballistics information thus far collected and analyzed that do not squarely support the government's theory of the case.

We also request any information as to whom the government is alleging were the targets of this incident.  In the detention memorandum, you reference "high ranking members of the U.S. government" as the defendant's "intended victims and the significant roles they play." Please identify the individuals that the government believes were the "targets" and "intended victims."  Specifically, please advise whether the government has ruled out Acting AG Blanche and US Attorney Pirro as targets and how the government has reached that conclusion.

Please also provide any statements allegedly made by Mr. Allen.

Please also provide the identities of any individuals from whom law enforcement collected DNA as it relates to this incident.

With respect to any of the information requested above, we request any reports, records or other documents containing such information that are in the custody, control or possession of the government. Possession of the government and law enforcement includes:

1.    All members of the "prosecution team";
2.    All employees of the United States Attorney's Office or the Department of Justice involved with the case;
3.    All police investigators, including Secret Service agents and officers, FBI investigators, US Attorney investigators and MPD officers who handled the case;
4.    All Victim Advocates;
5.    All case files maintained by your office, not just concerning the instant case but any related case;
6.    All criminal record databases to which you have access for criminal records concerning any potential witnesses in this case; and
7.    All relevant files from the FBI, Secret Service, NSA, CIA, California law enforcement and USCIS

The foregoing requests are made pursuant to Rule 16, *Brady*, and its progeny.  If you disagree with the legality of any of these requests, please let us know in writing as soon as possible so that we can litigate the matter before the Court.

Best,

/s/

_____

Eugene Ohm
Tezira Abe
Attorneys for Cole Allen

3